IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 2:13po48-WHA |
| | ) | |
| ROBBIE L. SWINT, JR., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on the Robbie L. Swint's *pro se* appeal from decision of a United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 58(g)(2)(D).

Robbie L. Swint, Jr. ("Swint") was charged with failing to come to a complete stop at a stop sign at the intersection of Arnold Street and Maxwell Boulevard, at Maxwell Air Force Base in Montgomery, Alabama. (Doc. #2).

Swint was tried before a Magistrate Judge on March 5, 2013. Staff Sergeant Douglas John Chapman testified at the trial that he had a clear vantage point of the intersection on the day in question, and observed Swint pull his vehicle up to the stop sign, and slow down, but then fail to make a complete stop before making a right-hand turn. Swint testified on his own behalf at trial. He testified that when he came to the stop sign, he made a complete stop. Swint did not put on any other witnesses, or ask to put on any other witnesses. He was convicted. His sentence was a fine of $55. Swint appealed his conviction and filed a supporting brief on April 17, 2013.

Swint's ground for appeal, as stated in his brief, is as follows:

> I am filing an appeal for the above referenced case as I was found guilty on
> March 5, 2013. I have witnesses who can attest that I made a complete stop at the
> intersection heading North on Arnold Street on Maxwell AFB.

(Doc. #4). The Government responded that Swint has failed to demonstrate either that his conviction was not supported by a sufficiency of the evidence, or that he is entitled to a new trial. Although given an opportunity to do so, Swint did not file a Reply brief in support in of his appeal.

Because independent examination of the entire record reveals no arguable issues of merit, Swint's conviction is due to be AFFIRMED.

## II.  RELEVANT STANDARDS OF REVIEW

When a defendant appeals a conviction by a magistrate judge to the federal district court, "[t]he scope of appeal shall be the same as an appeal from a judgment of a district court to a court of appeals." Fed. R. Crim. P. 58(g)(2)(D).

Whether sufficient evidence was presented at trial to support an appellant's conviction is a question of law subject to *de novo* review. *United States v. Keller*, 916 F.2d 628, 633 (11th Cir.1990). The court reviews the sufficiency of the evidence to determine whether a reasonable trier of fact could have concluded that the evidence established appellant's guilt beyond a reasonable doubt. *United States v. Diaz,* 248 F.3d 1065, 1084 (11th Cir. 2001). In this case, the trier of fact is the United States Magistrate Judge, not a jury. 18 U.S.C. § 3401. The evidence is viewed in the light most favorable to the Government and all reasonable inferences and credibility choices are made in the government's favor. *Id.*

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

To succeed on a motion for a new trial based on newly discovered evidence, a movant must establish the following: (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). Newly available evidence is not the same as newly discovered evidence, if it does not satisfy the above five-part test. *See United States v. DiBernardo*, 880 F.2d 1216, 1224-25 (11th Cir.1989).

## III.  DISCUSSION

As earlier stated, the Magistrate Judge found Swint guilty of the offense charged and imposed a fine. Swint has appealed his conviction by stating that he has witnesses who can attest that he did not commit the offense. Swint does not, however, contend that the witnesses he refers to were discovered after trial. *See United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).

The evidence before the court, including the trial testimony of Staff Sergeant Douglas John Chapman, viewed in the light most favorable to the Government, with all reasonable inferences and credibility choices made in the Government's favor, compels the conclusion that a reasonable trier of fact could have concluded that the evidence at trial established Swint's guilt beyond a reasonable doubt. Therefore, to the extent that he has made one, Swint's challenge to the sufficiency of the evidence is unavailing. Swint further has failed to establish that any evidence upon which he now seeks to rely was discovered after trial, or otherwise meets the standard of newly discovered evidence. Also, based on the record evidence that Swint was

allowed to, and did, present evidence at his trial, and that he did not request that any additional evidence be considered at that time, the court concludes that Swint has failed to demonstrate that he is entitled to a new trial in the interest of justice.

IV.  CONCLUSION

For the reasons discussed, Defendant-Appellant Robbie L. Swint Jr.'s conviction is AFFIRMED.

Costs are taxed against the Appellant.

Done this 13th day of May, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE